**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Anthony Lonigro,

    Plaintiff,

v.

United Parcel Service Corporation,

    Defendant.

No. CV-18-04002-PHX-JJT

**ORDER**

At issue is Defendant's Motion to Dismiss (Doc. 15, Mot.), to which Plaintiff filed a Response (Doc. 19, Resp.). In this Order, the Court will also address Plaintiff's Motion for Court Order (Doc. 14) and Motion for Judgment (Doc. 20).

In the Motion to Dismiss, Defendant[1] argues that *pro se* Plaintiff Michael Anthony Lonigro's claims are precluded under the principles of *res judicata* because Plaintiff brought the same claims against Defendant in a prior lawsuit, and another Judge in this District entered judgment dismissing the claims without leave to amend. (Mot. at 1–2 (citing Case No. CV-17-01659-PHX-SPL, Docs. 27, 28).) In response, Plaintiff argues that he believes that his Complaint in this matter states a claim. (Resp. at 1–2.)

The judicially created doctrine of claim preclusion, or *res judicata*, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted). Under the

---

[1] Defendant points out that Plaintiff did not work for the named Defendant, United Parcel Service Corporation, but rather UPS Cartage Services. (Mot. at 1 n.1.)

federal standard for *res judicata*, for a party to successfully argue that a present claim is precluded by a past claim, there must be: 1) an identity of claims, 2) a final judgment on the merits in the prior matter, and 3) identity or privity between the parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)).

Here, the same Plaintiff sues the same Defendant for alleged claims arising from the same set of facts. In the prior matter, the Court determined that Plaintiff had not and could not state a claim and entered final judgment. (Case No. CV-17-01659-PHX-SPL, Docs. 27, 28.) Even if Plaintiff believes that he has stated the claims differently in this matter, he is precluded from bringing a claim based on the same facts when he already did—or could have—in the prior matter. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 709 Fed. App'x 440, 443 (9th Cir. 2017) (finding that the plaintiff could have brought its present claim against the defendant in a prior lawsuit, where the claims arise from the same transactional nucleus of facts, and noting that the plaintiff "is not entitled to a second bite at the apple"). For this reason, the Court must dismiss Plaintiff's present lawsuit.

IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss (Doc. 15) and dismissing Plaintiff's claims with prejudice.

IT IS FURTHER ORDERED denying Plaintiff's Motion for Court Order (Doc. 14).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Judgment (Doc. 20).

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment and close this case.

Dated this 27th day of March, 2019.

Honorable John J. Tuchi
United States District Judge